**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**IN RE: CHRISTOPHER SCOTT HOVEN** **CASE NO. 19-10514**

**CHAPTER 7**

**PULL-A-PART LLC, Plaintiff**

**VERSUS** **ADV. PROC. NO. __________**

**CHRISTOPHER SCOTT HOVEN, Defendant**

---

**COMPLAINT ASSERTING NONDISCHARGEABILITY**

NOW INTO COURT, through undersigned counsel, comes plaintiff, PULL-A-PART LLC, who asserts this adversary proceeding against debtor, CHRISTOPHER SCOTT HOVEN, regarding the dischargeability of debtor and further respectfully represents:

1.

Plaintiff, PULL-A-PART LLC, is a creditor of debtor by virtue of a deposit on an estimate for services to be performed, paid by the Plaintiff to Hoven's Heavy Equipment LLC, of which defendant, CHRISTOPHER SCOTT HOVEN, is the manager and registered agent, on or about August 7, 2018. The amount owed to plaintiff is the principal sum of $12,372.00, together with judicial interest from the date of demand and reasonable attorney's fees (as attached to a debt that is nondischargeable under 11 U.S.C. §523 and/or 11 U.S.C. §727) and court costs for the following reasons:

2.

Made defendant herein is the debtor, CHRISTOPHER SCOTT HOVEN.

3.

This is an action to determine whether debtor herein is entitled to a discharge pursuant to 11 U.S.C. §727(a) and/or 11 U.S.C. §523(a).

4.

This Honorable Court has jurisdiction over this matter pursuant to the provisions of *inter alia*, 28 U.S.C. §157 and 28 U.S.C. §1334.

5.

An estimate for services to be performed was executed by the Plaintiff and Hoven's Heavy Equipment LLC, of which defendant, CHRISTOPHER SCOTT HOVEN, is the manager and registered agent, on or about June 4, 2018, invoiced by Hoven's Heavy Equipment LLC on or about July 31, 2018, and paid by the Plaintiff to Hoven's Heavy Equipment LLC on or about August 7, 2018.

6.

Defendant, CHRISTOPHER SCOTT HOVEN, and Hoven's Heavy Equipment LLC, failed to commence work, which was to commence on or about August 7, 2018, required pursuant to the estimate, despite several assurances to the Plaintiff that such work would commence. As of this date, no work has been done by Defendant, CHRISTOPHER SCOTT HOVEN, and Hoven's Heavy Equipment LLC, in contravention of 11 U.S.C. §523(a)(6).

7.

It is alleged that Hoven's Heavy Equipment LLC possessed little to no assets and as such was undercapitalized and unable to meet its obligation pursuant to the terms of the estimate. Therefore, CHRISTOPHER SCOTT HOVEN is personally liable for the debts incurred by Hoven's Heavy Equipment LLC due to its undercapitalization at the time the estimate was executed. Furthermore, this debt is nondischargeable, as the estimate that was executed and that served as the basis for payment for work that never commenced was solicited in contravention of 11 U.S.C. §523(a)(2)(B).

8.

It is further alleged that CHRISTOPHER SCOTT HOVEN, and Hoven's Heavy Equipment LLC have failed to conduct their business on a corporate footing, disregarding the corporate entity to such extent that the two entities are indistinguishable from each other under the alter ego doctrine.

9.

The acts of applying for, receiving, and failing to return the payment of the deposit were willful acts of CHRISTOPHER SCOTT HOVEN, in contravention of 11 U.S.C. §523(a)(2)(B) and 11 U.S.C. §523(a)(4), as a member and officer of Hoven's Heavy Equipment LLC and that such deliberate acts and/or offenses are personal actions for which he is personally liable.

10.

Debtor, defendant, CHRISTOPHER SCOTT HOVEN, commingled the funds of Hoven's Heavy Equipment LLC with his personal funds by converting the funds of Hoven's Heavy Equipment LLC for his own personal use, in contravention of 11 U.S.C. §523(a)(4).

11.

Despite amicable demand, (made on January 22, 2019 and on April 3, 2019) Defendant, CHRISTOPHER SCOTT HOVEN, and Hoven's Heavy Equipment LLC have failed and refused to refund the initial deposit paid by the Plaintiff, along with the attorney's fees associated with the collection of the deposit, after refusing to perform the work whose commencement was guaranteed by the payment of the deposit, in contravention of 11 U.S.C. §727(a)(4)(C).

12.

Debtor, defendant CHRISTOPHER SCOTT HOVEN, filed a petition for bankruptcy under Chapter 7 on or about May 02, 2019, less than one year after the execution of the estimate on or about June 4, 2018, in contravention of 11 U.S.C. §727(a)(2)(A) and 11 U.S.C. §727(a)(7).

13.

Plaintiff herein reserves the right to supplement this complaint as additional information revealed by discovery may constitute a ground for denial of a discharge herein.

WHEREFORE, plaintiff prays that defendant/debtor be served and cited to appear herein and after all due proceedings are had that there be judgment in favor of plaintiff denying a discharge to the debtor herein under 11 U.S.C. §727(a) and/or 11 U.S.C. §523(a) and for any and all other general and equitable relief as this Court deems proper.

Baton Rouge, Louisiana this 12th day of August 2019.

Respectfully Submitted,
**Andrew Murrell Law Firm**

BY: ______________________________
**J. Andrew Murrell**
Bar Roll Number: 34003
1955 Carolyn Sue Drive
Baton Rouge, LA 70815
Telephone/Fax: (844) 626-3739
Email: Andrew@AndrewMurrell.com

**PLEASE SERVE DEFENDANT AT:**

**Christopher Hoven**
*Through his attorney*
Greg Gouner
11750 Bricksome Avenue, Suite C
Baton Rouge, LA 70816